**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-cv-00472-RPM-MEH

JACOB A. BINGHAM,

    Plaintiff,

v.

CHRISTINA MCNALLY, and

THE VAIL CORPORATION, a Colorado Corporation,

    Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

    Upon consideration of the stipulation of the Plaintiff Jacob Bingham, Defendant Christina McNally, and Defendant The Vail Corporation, as reflected in their signatures hereto, for a Protective Order concerning certain information and documents provided during the course of this litigation, which one or more of the parties claims constitutes confidential business information, confidential personal or medical information, or otherwise sensitive and confidential information according to current law, and it appearing to the Court that good cause exists for the issuance of a Protective Order, it is:

    ORDERED as follows:

    1.    This Protective Order shall apply to all documents, materials, and information (which shall be referred to singularly or collectively as "discovery materials"), including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed in the above-captioned

lawsuit ("Lawsuit) that are designated "CONFIDENTIAL" in accordance with this Protective Order; PROVIDED, however, that counsel for the party designating discovery materials as "CONFIDENTIAL" may, in writing and without Court approval, agree to release any of the "CONFIDENTIAL" discovery materials from the requirements of this Order.

2.      As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      Any party who produces any discovery materials in the Lawsuit may designate such discovery materials as "CONFIDENTIAL" when, in the good faith judgment of the party making the disclosure, they contain confidential medical information, competitively sensitive information, confidential business information or other private personal identifying or financial information, the disclosure of which would be detrimental to that party or to persons to whom the party owes a duty of confidentiality.

4.      "CONFIDENTIAL" discovery materials shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such discovery materials may be disclosed to:

(a)     attorneys who are actively working on this case and persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

(b)     the parties and their agents and employees involved with this Lawsuit;

(c) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings;

(d) the Court in this case and its employees ("Court Personnel");

(e) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

(f) any person designated on the face of the material to have authored or previously received the materials;

(g) any potential fact witness whom a parties' counsel believes in good faith has prior knowledge of the matters addressed or reflected in the document; and

(h) other persons by written agreement of the parties.

5. No expert or consultant authorized under paragraph 4(c) of this Protective Order to receive access to "CONFIDENTIAL" discovery materials shall be granted such access until such person has received a copy of this Protective Order and agrees in writing to be bound by it by signing a copy of the nondisclosure agreement attached as Exhibit A to this Protective Order. The original of each such written agreement shall be maintained by counsel for the party that seeks to disclose "CONFIDENTIAL" discovery materials to an expert designated in paragraph 4(c).

6. Documents are designated as "CONFIDENTIAL" by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL."

7. Before filing any "CONFIDENTIAL" discovery materials with the Court for any purpose, the party seeking to file such materials shall first redact "CONFIDENTIAL" information including, but not limited to, confidential medical information, competitively sensitive information, confidential business or financial information, or other private personal identifying information, such as bank account numbers, social security numbers, date of birth, address, or a medical patient's last name. The party seeking to file "CONFIDENTIAL" materials shall confer with the other party regarding the specific redactions before filing any such materials. If the parties cannot agree on the proposed redactions after conferral, the "CONFIDENTIAL" materials shall be filed under seal in conformance with D.C.COLO.LCivR 7.3.

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may, where there is a factual and legal foundation for such claim, designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. Any party receiving any discovery materials which have been designated as "CONFIDENTIAL" may object in writing to such designation. Upon receipt of the written notice, the parties shall confer in good faith regarding the objection or disagreement. If any objection or disagreement cannot be resolved by the parties after good faith conferral, the party seeking to have the information treated as CONFIDENTIAL may, within 20 days after

written notice is received, file a motion with the Court to determine the propriety of the designation. The party propounding the designation shall bear the initial burden of justifying the particular designation made. In the absence of such a motion, the materials need no longer be treated as CONFIDENTIAL. The discovery materials which are the subject of such a motion shall be treated in accordance with the designated "CONFIDENTIAL" status pending the Court's decision on the motion.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as "CONFIDENTIAL" shall be returned to the party who designated it "CONFIDENTIAL" within forty-five (45) days of conclusion of the action, or the parties may elect to destroy "CONFIDENTIAL" documents; provided, however, that counsel for each party may retain one copy of the "CONFIDENTIAL" documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon written agreement of the party who designated the document as "CONFIDENTIAL" or upon express permission of this Court after written notice to counsel for the party that produced the documents. Where the parties agree to destroy "CONFIDENTIAL" documents, the destroying party shall provide all parties with an affidavit confirming the destruction within forty-five (45) days after conclusion of the action.

11. This Protective Order does not prohibit an individual from divulging the contents of discovery materials designated as "CONFIDENTIAL" that have been otherwise independently obtained from a public or non-confidential source or sources.

12.  This Protective Order shall not be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request.  Nor shall this Protective Order be deemed or construed as a waiver of the attorney/client, work product, or any other privilege, or of the rights of any party, person or entity to oppose the production of any documents or information on any grounds.  Further, nothing in this Protective Order shall be construed to limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source.

13.  If a party inadvertently produces information subject to any privilege, the recipient, upon notice from the producing party of the production and privilege, shall promptly return or destroy all such information, including all copies thereof and all documents incorporating or referring to such information, or apply to the Court for guidance regarding the disclosure.

14.  The inadvertent disclosure in connection with this Lawsuit of one or more documents that the producing party believes to contain or reflect "CONFIDENTIAL" information shall not constitute a waiver with respect to such discovery materials.  In the event of such an inadvertent disclosure of confidential discovery materials, the producing party at any time may provide notice to the other parties directing that all copies of such inadvertently disclosed materials be treated as such, consistent with the terms of this Protective Order.  It shall not be a violation of this Protective Order if inadvertently disclosed "CONFIDENTIAL" discovery materials have been disseminated to third parties prior to receiving notice of inadvertent disclosure from the producing party.

15. This Protective Order shall remain in full force and effect unless modified by an order of the Court or by the written stipulation of all parties hereto filed with the Court. Nothing in this Protective Order shall limit or preclude any party from applying to the Court for relief from this Protective Order, or for such further or additional protective orders as the Court may deem appropriate.

16. If any person receiving documents covered by this Order (the "Receiving Party") is served with a subpoena, request for production of documents, or other similar legal process in another proceeding seeking "CONFIDENTIAL" discovery materials, the Receiving Party shall give prompt written notice to the undersigned counsel for the party producing the "CONFIDENTIAL" discovery materials. To the extent that applicable law allows, the Receiving Party shall not produce any of the producing party's "CONFIDENTIAL" discovery materials without first providing reasonable notice to counsel for the party producing the materials and allowing such party to take any action it deems necessary. The producing party shall be solely responsible for asserting any objection to the requested production. The Receiving Party shall provide a copy of this Order to any third-party requesting production of "CONFIDENTIAL" discovery materials. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any order requiring production of "CONFIDENTIAL" discovery materials covered by this Order, nor as requiring that such Party subject itself to penalties for non-compliance with any lawful order or process.

SO ORDERED this 4th day of November, 2009, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

APPROVED:

 s/ Luke J. Danielson
John Astuno, Jr., Esq.
John Astuno, Jr. LLC
1775 Sherman Street, Suite 1650
Denver, Colorado 80203
303.861.7636 (phone)
303.861.4190 (fax)
johnastuno@earthlink.net

and

Luke J. Danielson
Julie N. Richards
Law Offices of Luke J. Danielson
108 W. Tomichi Ave., Suite D
Gunnison, Colorado 81230
970.641.4605 (phone)

Counsel for Plaintiff Jacob Bingham

 s/ Annie T. Kao
Edwin P. Aro
Annie T. Kao
Anna K. Edgar
Hogan & Hartson LLP
One Tabor Center, Suite 1500
1200 Seventeenth Street
Denver, CO 80202
303.899.7300 (phone)
303.899.7333 (fax)
atkao@hhlaw.com

Counsel for Defendant The Vail Corp.

and

 s/ Natalie M. Lucas
Natalie M. Lucas, Esq.
Nancy L. Pearl, Esq.
Miletich Pearl LLC
999 Eighteenth Street, Suite 1850
South Tower
Denver, CO 80202
nlucas@mplawllc.com

Counsel for Defendant McNally

Exhibit A

**Nondisclosure Agreement**

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *Bingham v. McNally, et al.*, Civil Action No. 09-cv-00472-RPM-MEH, pending in the United States District Court for the District of Colorado, and hereby agree to comply with and be bound by the terms and conditions of said Protective Order unless and until modified by further Order of this Court.

I acknowledge that I am about to receive CONFIDENTIAL information in said action and certify my understanding that such Information is being provided to me pursuant to the terms and restrictions of the Protective Order. I understand that such information, and any copies I make of any documentary material containing CONFIDENTIAL Information, or any notes or other records that may be made regarding any such information, shall not be disclosed to others, except other qualified persons as identified in the Protective Order. I hereby consent to the jurisdiction of said Court for purposes of enforcing the Protective Order.

Signed:_____

Title:_____

Dated:_____